UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

─────────────────────────────

**FILED**
United States Court of Appeals
Tenth Circuit

November 10, 2020

Christopher M. Wolpert
Clerk of Court

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL BENITEZ-LOPEZ,
a/k/a Mikey, a/k/a Money Mike,

    Defendant - Appellant.

No. 19-1439
(D.C. No. 1:18-CR-00328-PAB-6)
(D. Colo.)

─────────────────────────────

**ORDER AND JUDGMENT**[*]

─────────────────────────────

Before **HOLMES, BACHARACH,** and **MORITZ**, Circuit Judges.

─────────────────────────────

Mr. Michael Benitez-Lopez was charged with federal drug offenses.[1]

To support the charges, the government offered into evidence a letter that

---

[*] The parties have not requested oral argument, and it would not materially help us in deciding the appeal. We have thus decided the appeal based on the briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

[1.] The charges involved

- possession with intent to distribute a mixture of a Schedule II controlled substance,

Mr. Benitez-Lopez had written from jail. In the letter, he had told his girlfriend that his mother might be subpoenaed, adding: "But tell here [sic] if they Do to Just say she don't know shit she plays the 5th, Because I guess she was in some calls of mines [sic]." The letter also stated, "tell my mom asap what I siad [sic] K!"

Mr. Benitez-Lopez objected on the ground of unfair prejudice, and the court overruled the objection. The jury ultimately found guilt on all of the charges; and at sentencing, the court relied on the letter to apply a two-level enhancement for attempted obstruction of justice. *See* USSG § 3C1.1.

On appeal, Mr. Benitez-Lopez argues that the district court erred in allowing introduction of the letter and using it to apply the sentencing enhancement. We affirm.[2]

---

- conspiracy to distribute or possess with intent to distribute a mixture containing cocaine, and

- use of a communication facility with intent to distribute a Schedule II controlled substance and aiding and abetting this offense.

2.  Mr. Benitez-Lopez filed the notice of appeal between the sentencing and final judgment. Though the notice was premature, it ripened upon entry of the final judgment. *See United States v. Gachot*, 512 F.3d 1252, 1253 n.2 (10th Cir. 2008) (concluding that a notice of appeal ripened upon entry of a final judgment even though the notice had preceded the final judgment).

## I. The district court did not abuse its discretion in allowing introduction of the letter into evidence.

On appeal, Mr. Benitez-Lopez argues that introduction of the letter created unfair prejudice[3] by showing that he had been incarcerated on the current charge. The government argues that Mr. Benitez-Lopez failed to preserve this argument. For the sake of argument, we may assume that the argument was preserved. Even with preservation, however, the argument would fail.

If the argument had been preserved, we would apply the abuse-of-discretion standard. *United States v. Cherry*, 433 F.3d 698, 700 (10th Cir. 2005). This discretion is particularly broad when the district court balances the probative value of evidence against the risk of unfair prejudice. *Id.* at 702. In determining whether the court abused its broad discretion, we consider "(1) whether the evidence was relevant, (2) whether it had the potential to *unfairly* prejudice the defendant, and (3) whether its probative value was substantially outweighed by the danger of unfair prejudice." *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014) (quoting *United States v. MacKay*, 715 F.3d 807, 839 (10th Cir. 2013)). When

---

3. In a subheading and a few sentences, Mr. Benitez-Lopez also suggests that introduction of the letter denied him a fair trial. Reference to a "fair trial" could suggest a denial of due process. But Mr. Benitez-Lopez did not object based on this ground, so he forfeited a distinct challenge involving a denial of due process. *United States v. McGlothin*, 705 F.3d 1254, 1256–57 (10th Cir. 2013).

3

balancing probative value and unfair prejudice, we "should 'give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value.'" *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000) (quoting *SEC v. Peters*, 978 F.2d 1162, 1171 (10th Cir. 1992)).

Mr. Benitez-Lopez challenges our application of the balancing test, arguing that

- the letter lacked relevance and

- the discussion of the letter during the deputy sheriff's testimony signaled to the jury that Mr. Benitez-Lopez "was not only in custody, but in custody for this particular offense."

Appellant's Opening Br. at 21. We reject these arguments.

The district court could plausibly interpret the letter as an instruction to Mr. Benitez-Lopez's mother to lie by saying that she didn't know anything (even though she had participated in some of the pertinent phone calls). Given the plausibility of this interpretation, the district court could reasonably regard the letter as evidence of Mr. Benitez-Lopez's consciousness of guilt.

The court could also reasonably discount the possibility that the letter might suggest why Mr. Benitez-Lopez was in jail. Though Mr. Benitez-Lopez had written the letter from jail, neither the letter nor the

4

deputy sheriff said anything about the nature of the charge or the reason for his incarceration.[4]

Of course, even without specifics, the letter implied that Mr. Benitez-Lopez was incarcerated. Though the fact of his incarceration was prejudicial, the court could reasonably regard the prejudice as fair because it omitted any additional damaging details. *See United States v. Silva*, 889 F.3d 704, 715 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1319, 203 L. Ed. 2d 572 (2019) (noting that the appellant's proposed redactions were not necessary to avoid unfair prejudice because the evidence was limited to the fact of conviction and did not include other details). And even if some parts might have been prejudicial, the district court offered to redact prejudicial parts of the letter.

Given the district court's discretion, we conclude that the court did not err in balancing the probative value against the danger of unfair prejudice.

---

[4.] In the letter, Mr. Benitez-Lopez didn't say that he was incarcerated. But he did

- say that he needed to "see you guys soon" and didn't want to be "in here for a long time" and

- ask his girlfriend how things were "out there."

## II. The district court did not err in enhancing Mr. Benitez-Lopez's sentence for attempted obstruction of justice.

When considering a challenge to a sentencing enhancement for attempted obstruction of justice, we review the district court's findings for clear error. *United States v. Hawthorne*, 316 F.3d 1140, 1145 (10th Cir. 2003). The district court could find attempted obstruction of justice if the government proved (1) an intent to obstruct justice and (2) a substantial step toward the obstruction of justice. *United States v. Fleming*, 667 F.3d 1098, 1107 (10th Cir. 2011).

Mr. Benitez-Lopez contends that the guideline is not intended to punish a defendant for advising a third party of her right to invoke the Fifth Amendment. But Mr. Benitez-Lopez did not just advise his mother to invoke the Fifth Amendment; he also instructed his mother to say that she didn't know anything even though she had participated in some of his calls. The court could reasonably consider this instruction as an attempt to obstruct justice.

According to Mr. Benitez-Lopez, he did not intend to obstruct justice, protesting that his statements were true and lacked any threats. But "to qualify as an attempt to obstruct justice, '[a] defendant need not actually threaten the witness; he need only attempt to influence the[] [witness].'" *United States v. Fleming*, 667 F.3d at 1109 (10th Cir. 2011) (quoting *United States v. Powell*, 973 F.2d 885, 894 (10th Cir. 1992)).

6

In his reply brief, Mr. Benitez-Lopez argues that the government offers only speculation to prove an intent to obstruct justice. But the text of his letter suggests an obstructive intent. Mr. Benitez-Lopez asked his girlfriend to tell his mother to deny any knowledge even though she had participated in some of his calls. He then referred to the government's effort to elicit evidence against him. Given the language in the letter, the district court did not clearly err in finding an intent to obstruct justice.

Mr. Benitez-Lopez also argues that he did not take a substantial step toward the obstruction of justice. But "attempting to threaten or influence a witness through a third-party intermediary may constitute a substantial step sufficient to justify application of an obstruction of justice enhancement." *Id.* at 1108. Mr. Benitez-Lopez wrote the letter, put it in a stamped envelope addressed to his girlfriend, and placed the letter in the mail. The district court did not clearly err in concluding that these actions constituted substantial steps toward the obstruction of justice.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | November 10, 2020 | Jane K. Castro<br>Chief Deputy Clerk |

Ms. Wendy Curtis Palen
Palen Law Offices, LLP
P.O. Box 156
Glendo, WY 82213-0000

**RE:   19-1439, United States v. Benitez-Lopez**
　　　　Dist/Ag docket: 1:18-CR-00328-PAB-6

Dear Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40(a)(1), any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 3900 words or 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R.35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of the Court

cc: James C. Murphy

CMW/lg

2