IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00477-PAB
Criminal Case No. 18-cr-00328-PAB-6

UNITED STATES OF AMERICA,

     Plaintiff,

v.

6. MICHAEL BENITEZ-LOPEZ,

     Defendant.

---

## ORDER

---

     This matter comes before the Court on petitioner Michael Benitez-Lopez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 [Docket No. 528] filed on February 16, 2021.  The government responded on March 11, 2021, Docket No. 530, and petitioner replied on April 12, 2021.  Docket No. 534.

     The Court construes Mr. Benitez-Lopez's filings liberally because he is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court will not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed below, the § 2255 motion will be denied.

## I. PROCEDURAL HISTORY

     On August 9, 2019, a jury found petitioner guilty of conspiracy to distribute or possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(A) and 846 (count one); use of a communication device in connection with a drug trafficking offense, in violation of 21 U.S.C. §§ 843(b) and (d) (count eight); and possession with intent to distribute 500 grams or more, but less than 5 kilograms, of a mixture or substance containing a detectable amount of cocaine, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2 (count ten).  Docket No. 1 at 1, 5-6; Docket No. 300.  On November 1, 2019, the Court sentenced petitioner to 180 months imprisonment on count one, 48 months imprisonment on count eight, and 180 months imprisonment on count 10, all to run concurrently.  Docket No. 422 at 1-2.  Petitioner appealed, and the Tenth Circuit affirmed.  Docket No. 525 at 7.

On February 16, 2021, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 due to ineffective assistance of counsel at trial and on appeal.  Docket No. 528.  Section 2255 generally requires a motion to be filed within one year of the date the judgment of conviction becomes final.  28 U.S.C § 2255(f)(1).  Under § 2255, "a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires."  *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006).  The Tenth Circuit affirmed petitioner's conviction on November 10, 2020.  Docket No. 525.  Petitioner filed his motion on February 16, 2021. Docket No. 528.  Accordingly, it is timely.  *See* 28 U.S.C § 2255(f)(1).

## II.  ANALYSIS

Petitioner asserts the following three grounds for relief: (1) petitioner's conviction was obtained in violation of his Fifth Amendment right to due process because the jury

was not presented with an accurate drug amount; (2) petitioner's conviction was obtained in violation of his Fifth Amendment right against double jeopardy because he was charged in a "multiplicious fashion"; and (3) petitioner's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of trial and appellate counsel.  Docket No. 528 at 4, 8, 13.

Petitioner filed a direct appeal that did not raise these issues.[1]  *See* Docket No. 525.  Petitioner's claims are procedurally barred if they could have been, but were not, raised on direct appeal, unless he establishes cause for the default and prejudice therefrom, or that manifest injustice will result if the claims are barred.  *United States v. Cook,* 45 F.3d 388, 392 (10th Cir. 1995), *abrogated on other grounds by Neill v. Gibson*, 278 F.3d 1044 (10th Cir. 2001); *see United States v. Frady*, 456 U.S. 152, 164-68 (1982).  "A court may raise this procedural bar defense *sua sponte* but must afford the petitioner an opportunity to respond to the defense."  *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  However, ineffective assistance of counsel claims are properly asserted in a collateral proceeding under § 2255, not on direct appeal.  *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995).

Petitioner's first and second grounds for relief—inaccurate drug amount and multiplicitous indictment—could have been, but were not, raised on direct appeal.  Plaintiff states that the reason they were not raised on direct appeal was because his appellate counsel with ineffective.  *See* Docket No. 528 at 4, 12.  Accordingly, these

---

[1] Mr. Benitez-Lopez's direct appeal argued that the Court erred in allowing the introduction of a letter he wrote from jail and in using it to apply a sentencing enhancement.  Docket No. 525 at 2.  The Tenth Circuit rejected both arguments.  *Id.* at 5, 7.

claims are forfeited except to the extent plaintiff's counsel was ineffective for not raising them. Therefore, the Court construes petitioner's argument to be an argument for ineffective assistance of counsel on each of his three claims.

### A. Legal Standard for Ineffective Assistance of Counsel

To show ineffective assistance of counsel, a petitioner must show that counsel's performance "fell below an objective standard of reasonableness" and that the petitioner was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is "a strong presumption" that counsel's performance falls within the range of "reasonable professional assistance." *Id.* Mr. Benitez-Lopez bears the burden of overcoming this presumption by showing that the alleged errors were not sound strategy under the circumstances. *See id.* "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong." *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999). Under the prejudice prong, Mr. Benitez-Lopez also must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*; *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating that "[t]he likelihood of a different result must be substantial, not just conceivable.").

In order for a petitioner to make an ineffective assistance claim, he must identify the specific "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. A court need not

address both prongs of the *Strickland* test if the defendant fails to make a sufficient showing of one.  *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

      *Strickland*'s framework applies equally to ineffective assistance of appellate counsel claims as well.  *Wood v. Carpenter*, 907 F.3d 1279, 1294 (10th Cir. 2018).  To show ineffective assistance of counsel on appeal, petitioner "must establish both (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unreasonable errors, the outcome of his appeal would have been different."  *Id.* (quoting *Ellis v. Hargett*, 302 F.3d 1182, 1186-87 (10th Cir. 2002)).  "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue."  *Neill*, 278 F.3d at 1057 (citation omitted)); *see also Wood*, 907 F.3d at 1304 ("The omitted issue's merits determine both deficient performance and prejudice.").

**B.  Trial Counsel**

      Petitioner argues that his trial counsel rendered ineffective assistance of counsel because counsel failed to (1) file a motion to dismiss the indictment due to its multiplicitous nature; (2) file a motion to dismiss the indictment due to its lack of specificity by not charging a particular drug amount; (3) object to the Court assessing an inaccurate drug amount at sentencing against defendant in relation to count one; (4) explain the true nature and benefits of the plea agreement offered by the government; and (5) secure petitioner a sentence reduction.  Docket No. 528 at 14.  The Court evaluates the arguments made on pages four through eleven of the petitioner's motion within this framework.

### 1. *Validity of Indictment*

The Court will evaluate petitioner's first two arguments together because they concern the validity of the indictment.  Under Fed. R. Crim. P. 12(b)(3)(B), a defect in the indictment must be raised by pretrial motion "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits[.]" Petitioner's counsel did not file a motion to dismiss the indictment either for multiplicity, Fed. R. Crim. P. 12(b)(3)(B)(ii), or lack of specificity.  Fed. R. Crim. P. 12(b)(3)(B)(iii). Petitioner argues this was ineffective assistance of counsel.  Docket No. 528 at 4-11, 14.

Petitioner claims that allowing the government to prove only the statutory minimum, as opposed to the actual total amount of drugs, violated his rights.  *Id.*  Citing *Alleyne v. United States*, 570 U.S. 99 (2013), he argues that, because the penalty range varies based on the actual drug amount, he had to be charged with a specific amount of drugs, not simply a range.  *Id.* at 4-5.

The indictment charged petitioner with the following counts:

Count One . . . knowingly and intentionally conspire to distribute, or possess with the intent to distribute one or more of the following Controlled Substance: (1) 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) 500 grams or more but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance and (3) less than 500 grams of mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance.  All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(B)(ii)(II), 841(b)(1)(C), and 846.

. . . .

Count Eight . . . knowingly or intentionally use a communications device, specifically a telephone, in committing, or in causing or facilitating the commission of, a felony delineated in Title 21 of the United States Code,

specifically the crime alleged in Count One of this Indictment.  All in violation of Title 21, United States Code, Sections 843(b) and 843(d).

.  .  .  .

Count Ten . . . knowingly or intentionally distribute and possess with the intent to distribute 500 grams or more but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and did knowingly or intentionally aid, abet, counsel, command, induce or procure the same.  All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B)(ii)(II), and Title 18, United States Code, Section 2.

*See* Docket No. 1 at 1-6.  The quantities in the indictment track the language in the statute.  *Compare* Docket No. 1 at 1-6, *with* 21 U.S.C. § 841(a)-(b).

Petitioner argues that the failure to charge a specific drug amount, rather than a range, violates *Alleyne v. United States*, 570 U.S. 99 (2013).  Docket No. 528 at 1. Petitioner argues that his counsel was ineffective for failing to file a motion to dismiss the indictment due to the lack of charging a specific drug amount.  *Id.* at 14.

An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.  *United States v. Poole,* 929 F.2d 1476, 1478 (10th Cir. 1991).  In *Alleyne*, 570 U.S. at 102, the Supreme Court held that any fact that increases the mandatory minimum is an element that must be submitted to the jury and found beyond a reasonable doubt.  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the [offense] intended to be punished." *United States v. Powell*, 767 F.3d 1026, 1030 (10th Cir. 2014) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)).  In *United States v. Santiago-Mesinas*, No. 18-

cr-00209-CMA-11, 2019 WL 176829, at *3 (D. Colo. Jan. 11, 2019), the defendant

argued that the court should dismiss the indictment because it failed to specify the exact

quantities of drugs he was charged with distributing or possessing with the intent to

distribute.  The court rejected the argument, noting that

> [t]he discovery produced by the Government demonstrates that Defendant
> was personally involved in the distribution and possession with the intent
> to distribute 8,872 grams of methamphetamine at 99% purity, which, for
> purposes of Count One, falls squarely in parts (1) and (2), which charge:
> (1) 50 grams or more of methamphetamine (actual), and (2) 500 grams or
> more of a mixture or substance containing a detectable amount of
> methamphetamine.

*Id.*  The Court agrees that charging a range, as opposed to specific drug amount,

is not a violation of *Alleyne*, and therefore petitioner's counsel was not ineffective

for failing to file a motion to dismiss on that ground.

Petitioner argues that he was charged in a "multiplicitous fashion" because

counts one and ten cover the same conduct.  Docket No. 528 at 8.  Petitioner argues

that his counsel was ineffective for failing to file a motion to dismiss the indictment on

this ground.  *Id.* at 13.

"A person may be prosecuted for more than one crime based on the same

conduct (1) if each crime requires proof of a fact that the other does not, or (2) if

Congress has clearly expressed its intent to impose cumulative punishment for the

same conduct under different statutory provisions."  *United States v. Pearson*, 203 F.3d

1243, 1267-68 (10th Cir. 2000) (citations omitted).  Count one charged petitioner with

conspiracy to distribute or possess with the intent to distribute cocaine and count ten

charged petitioner with distribution and possession with intent to distribute more than

500 grams but less than 5 kilograms of cocaine.  Docket No. 1 at 1, 6.  Petitioner argues that he was sentenced twice for the same conduct.  Docket No. 528 at 10.

Commission of a substantive offense and conspiracy to commit that offense are separate crimes.  *United States v. Hopkins*, 608 F. App'x 637, 648 (10th Cir. 2015) (unpublished) ("The Supreme Court has held that a substantive crime and a conspiracy to commit that crime are not the same [offense] for double jeopardy purposes." (internal quotation marks omitted)).  The Tenth Circuit has "held that Congress intended to allow imposition of separate sentences for a conspiracy conviction under 21 U.S.C. § 846 and for the substantive drug offenses that form the object of the conspiracy."  *United States v. McCullough*, 457 F.3d 1150, 1162 (10th Cir. 2006) (quoting *United States v. Johnson,* 977 F.2d 1360, 1371 (10th Cir. 1992)).  Accordingly, the Court rejects petitioner's argument that he was charged twice for the same crime.  Petitioner's trial counsel was not ineffective for failing to file meritless motions.

### 2. *Court's Consideration of Drug Amounts as Sentencing*

Petitioner argues that his counsel was ineffective for failing to object to the "'abuse of discretion' utilized by the [C]ourt when it assessed an inaccurate drug amount against the defendant in relation to Count 1 of the indictment."  Docket No. 528 at 14.  In the presentence report, the probation officer calculated petitioner's base offense level to be 34.  Docket No. 348 at 13.  This calculation was based on the conclusion that 50 kilograms to 150 kilograms of drugs was reasonably foreseeable to petitioner.  *Id.* Petitioner's counsel filed an objection to this amount.  Docket No. 369.  Petitioner's counsel argued that petitioner's actual relevant conduct only included 6.35 kilograms of cocaine, which resulted in a base offense level of 30.  *Id.* at 3.  The Court overruled the

objection.  Docket No. 484 at 7.  Given that petitioner's counsel raised and argued the issue petitioner now presents, petitioner has not shown that counsel's performance was an exercise of unreasonable professional judgment.

### 3.  True Nature and Benefit of Plea Agreement

Petitioner argues that counsel did not explain "the plea agreement the government offered" to him adequately and that, if he had known his sentence would only have been five years under the plea agreement, he would have accepted it. Docket No. 528 at 14.

To establish prejudice under *Strickland* in the context of a plea agreement, "a defendant must show the outcome of the plea process would have been different with competent advice."  *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).  When the alleged prejudice is having to stand trial,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164.

The Court finds that petitioner's argument fails on the first element.  The record belies petitioner's assertion that he was unaware that his sentence would only have been five years.  *See* Docket No. 528 at 14.  On the first day of petitioner's trial, he informed the Court that he wished to continue the trial in order to obtain different counsel.  Docket No. 480 at 7.  The Court asked petitioner at what point he determined he wanted different counsel, to which petitioner replied:

> Well, as soon as I found out my last deal, because first it was five and 10.
> Then it was going up to like 14-5.  And I was talking to Mr. Stuckey and he
> was saying that if I lose, I'll get something like 30.

*Id.* at 8.  Petitioner states that counsel "allowed" him to believe that he was subject to up to fourteen years imprisonment if he pled guilty, Docket No. 528 at 14, but petitioner's comments indicate four relevant points.  First, the government's initial offer was for five years imprisonment, a fact that petitioner understood; second, petitioner did not accept that offer; third, petitioner fails to indicate any ineffective assistance of counsel regarding the initial five-year deal; and fourth, petitioner does not identify any confusion on his part regarding such offer.  The fact that his "last deal" was worse than his initial offer does not demonstrate any ineffective assistance of counsel regarding the initial offer.  Thus, the Court rejects that argument.

### 4.  Offense Level

Petitioner argues that counsel was ineffective for failing to "secure" a reduction of his offense level under U.S.S.G. § 3B1.2.  Docket No. 528 at 13.  Under § 3B1.2, a court may decrease a defendant's offense level if the defendant was a minimal or minor participant in the criminal activity.  "A minor participant is one who played a part in committing the offense that makes him substantially less culpable than the average participant, but whose role was not minimal.  A minimal participant is one who is plainly among the least culpable of those involved in the conduct of a group."  *United States v. Moreira*, 333 F. App'x 366, 373 (10th Cir. 2009) (unpublished) (internal quotation marks, citations, and alterations omitted).  Application Note 3(C) to U.S.S.G. § 3B1.2 provides a non-exhaustive list of factors that the sentencing court "should consider" in determining whether to apply a role adjustment, including "the degree to which the defendant

exercised decision-making authority[,]" "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts[,]" and "the degree to which the defendant stood to benefit from the criminal activity."  U.S.S.G. § 3B1.2, cmt. n.3(C).  Ultimately, "[t]he determination whether to apply [the mitigating-role adjustment] is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of a particular case."  *Id.*  Petitioner bore the burden of proving his entitlement to the reduction by a preponderance of the evidence at sentencing.  *United States v. Harfst*, 168 F.3d 398, 401-02 (10th Cir. 1999).

Petitioner argues that his counsel was ineffective for not "secur[ing]" a three-level reduction under § 3B1.2.  Docket No. 528 at 6-7, 14.  Petitioner argues that he was simply a "middle man" who made minimal profit compared to other members of the drug conspiracy.  *Id.* at 6-7.  He states that he "essentially served as a carrier, who was fronted a quantity of cocaine for a short period of time at the wholesale price of $26,000[ ] and simply added a few hundred dollars to the sale price charged to the actual customer."  *Id.* at 7.

To prevail on this claim, petitioner must show that his counsel acted unreasonably in failing to seek a reduction under § 3B1.2, *see Boyd*, 179 F.3d at 914, and "must show that, had his counsel requested a t[hree]-level [intermediate] role reduction, there was a 'reasonable probability' the court would have granted the request and reduced" the sentence imposed.  *United States v. Bojorquez-Para*, 2019 WL 8584864, at *2 (N.D. Okla. Nov. 25, 2019) (quoting *Smith v. Duckworth*, 824 F.3d 1233,

1249 (10th Cir. 2016)).  For the following reasons, petitioner's motion fails on both prongs.

The Court finds that petitioner's counsel did not act unreasonably in failing to seek a reduction under § 3B1.2 because counsel argued for a lower offense level and variant sentence based on other factors that he presumably thought would be more successful.  As noted above, the presentence report calculated a base offense level of 34 based on the conclusion that 50 kilograms to 150 kilograms of drugs were attributable to him.  Docket No. 407 at 12.  Petitioner's counsel filed an objection, arguing that petitioner's actual relevant conduct only included 6.35 kilograms of cocaine, which resulted in a base offense level of 30.  Docket No. 369 at 3.  Petitioner's counsel made this same argument at sentencing, Docket No. 484 at 4, but the Court overruled it.  *Id.* at 7.  Further, petitioner's counsel filed a motion for a variant sentence, Docket No. 396, and a motion for a downward departure under Guideline § 4A1.3(b)(1).  Docket No. 395.  At sentencing, petitioner's counsel compared the government's recommended sentence for petitioner, 262 months, to its recommendation of 136 months for the main operator of the drug conspiracy.  Docket No. 484 at 20-21.  Petitioner's counsel argued that, under the 18 U.S.C. § 3553 factors, a sentence of 120 months was sufficient, but not greater than necessary to comply with the purposes of the sentencing statute; specifically, petitioner's counsel pointed to petitioner's background and family circumstances as warranting a downward departure.  *Id.* at 22.  The Court finds that petitioner's counsel was not ineffective when, instead of seeking a reduction based on petitioner's allegedly mitigating role, he made the strategic decision to seek a variant sentence based on the § 3553 factors and to object to petitioner's offense level based

on the amount of cocaine attributable to petitioner.  *See United States v. Burke*, 2018 WL 7051047, at *6 (W.D. Ark. Dec. 28, 2018) (stating that it was not unreasonable for counsel to seek a downward variance under the sentencing factors instead of a minor role reduction), *report and recommendation adopted*, 2019 WL 1307742 (W.D. Ark. Mar. 22, 2019).

In addition, petitioner has not shown prejudice.  "[W]hether the defendant was prejudiced by counsel's failure to request a § 3B1.2 adjustment depends on whether the district court would have granted the request, a matter only the district court can decide."  *United States v. Montoan-Herrera*, 351 F.3d 462, 465 (10th Cir. 2003) (quoting *Harfst*, 168 F.3d at 404)).  Even assuming that petitioner's description of his activity is accurate, being a "carrier" does not mean he was a minimal or minor participant.  *See United States v. Sala*, 756 F.3d 1196, 1207 (10th Cir. 2014) (stating that defendant's "courier status alone does not entitle him to an adjustment for a minor or minimal role"). At sentencing, the Court noted that "Mr. Benitez-Lopez seems to be a committed drug dealer" and that "he decided to get involved in dealing large quantities of cocaine as an adult."  Docket No. 484 at 30-31.  The Court would not have granted petitioner's request for a three-level reduction based on § 3B1.2, and accordingly petitioner cannot show prejudice based on his counsel's failure to raise the argument.

Finally, the Court sentenced petitioner below the guideline range that would have applied if the Court had reduced his offense level by three based on a mitigating role. Given his total offense level of 36 and criminal history of IV, petitioner's guideline range was 262 to 327 months.  Docket No. 348 at 26.  Despite the guideline range, the probation office recommended 180 months imprisonment, which the Court agreed was

the appropriate sentence.  Docket No. 484 at 30.  Even assuming that the Court found petitioner to fall between a minimal and minor participant, and accordingly reduced his criminal activity by three levels to 33, his guideline range would be 188 to 235 months. *See* United States Sentencing Commission, *Guidelines Range Calculator*, https://guidelines.ussc.gov/grc (last visited Jan. 19, 2022) (calculating a guideline range of 188 to 235 months imprisonment for a defendant with an offense level of 33 and criminal history category IV).  His sentence of 180 months is below that range and he cannot show prejudice for this additional reason.  Petitioner has neither shown that counsel's performance was unreasonable nor that he was prejudiced by counsel's allegedly deficient performance.  Because petitioner's argument is "resolvable solely on the basis of the existing record," *Hooks v. Workman*, 606 F.3d 715, 731 (10th Cir. 2010), the Court will deny this portion of the motion without a hearing.

### C.  Appellate Counsel

Petitioner argues that his appellate counsel violated his Sixth Amendment right by failing to (1) argue that the district court erred by using an inaccurate drug amount in assessing his guilt; (2) raise the issue that there was not an accurate drug amount alleged in the indictment; and (3) raise the fact that petitioner qualified for a reduction in sentence under U.S.S.G. § 3B1.2.  Docket No. 528 at 14.

"When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue."  *Neill*, 278 F.3d at 1057 (internal quotation marks omitted)).  The Court found that petitioner's trial counsel was not ineffective on any of these grounds because (1) trial counsel advanced, and the Court rejected, the argument that only 6.35 kilograms of cocaine was attributable to

petitioner at sentencing, *see supra* Section II.B.2; (2) it was not an *Alleyne* violation to charge a range of drug quantities in the indictment, as opposed to a definite amount, so failing to file a meritless motion was not ineffective assistance of counsel, *see supra* Section II.B.1, and; (3) counsel's strategic decision to seek a variant sentence on factors other than an intermediate role adjustment was not unreasonable and did not cause prejudice because the Court noted at sentencing that petitioner dealt large quantities of cocaine and sentenced petitioner below the guideline that would have applied if he had been granted a three level offense reduction.  *See supra* Section II.B.4.  Accordingly, each of these claims is meritless, and the Court will deny petitioner's motion.

## III.  CONCLUSION

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  Such a showing is made when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution."  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court concludes that Mr. Benitez-Lopez has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court will deny a certificate of appealability.

Under 28 U.S.C. § 2255(b), the Court shall hold a hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief."  "District courts are not required to hold evidentiary hearings in collateral attacks without a firm idea of what the testimony will encompass and how it will support a petitioner's claim."  *United States v. Cervini*, 379 F.3d 987, 994 (10th Cir. 2004).  The Court has already noted why a hearing is not required with respect to the arguments advanced in Section II.B.4.  The Court has found that Mr. Benitez-Lopez has not met either prong of the *Strickland* test and Mr. Benitez-Lopez has made no explanation of what testimony he would present at a hearing.  Therefore, the Court finds that a hearing is not required.

For the reasons discussed above, it is

**ORDERED** that petitioner Michael Benitez-Lopez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255 [Docket No. 528] is **DENIED**.  It is further

**ORDERED** that, under 28 U.S.C. § 2253(c)(2) and the Rules Governing Section 2255 Proceedings for the United States District Courts, a certificate of appealability is **DENIED.**

DATED January 24, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge