IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB-6

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6. MICHAEL BENITEZ-LOPEZ,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Michael Benitez-Lopez's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 [Docket No. 571]. The government filed a response opposing the motion. Docket No. 582.

## I.  BACKGROUND

On July 12, 2018, a grand jury returned a multi-defendant, twenty-five count Indictment in this case. Docket No. 1. The Indictment charged Mr. Benitez-Lopez in Count 1, Count 8, and Count 10. *Id*. at 2, 5-6.[1] On August 9, 2019, a jury found Mr.

---

[1] Count 1 charged Mr. Benitez-Lopez with conspiracy to distribute or possess with the intent to distribute one or more of the following controlled substances: (1) 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; (2) 500 grams or more but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance; and (3) less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(B)(ii)(II), (b)(1)(C) and 846. *Id*. at 2. Count 8 charged Mr. Benitez-Lopez with use of a communication device in connection with a felony, in violation of 21 U.S.C. §§ 843(b) and (d). *Id*. at 5. Count 10 charged Mr. Benitez-Lopez with possession with the intent to distribute 500 grams or more but less

Benitez-Lopez guilty of Counts 1, 8, and 10.  Docket No. 300.  At sentencing, the Court found that the advisory guideline sentencing range was 262-327 months imprisonment based on Mr. Benitez-Lopez's offense level of 36 and his criminal history category of IV.  Docket No. 484 at 20.  On November 1, 2019, the Court sentenced Mr. Benitez-Lopez to 180 months as to Count 1, 48 months as to Count 8, and 180 months as to Count 10, with all sentences to run concurrently.  Docket No. 420 at 2; *see also* Docket No. 422 at 1-2.  The Court also ordered a supervised release term of five years.  Docket No. 422 at 3.  Mr. Benitez-Lopez's projected release date is July 30, 2030.  *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.[2]

On January 23, 2023, Mr. Benitez-Lopez filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Docket No. 571.  Mr. Benitez-Lopez argues that the First Step Act and "unwarranted sentence[ing] disparities among defendants with similar records" constitute extraordinary and compelling circumstances to justify compassionate release.  *Id*. at 14.  The government raises three arguments in response to the motion: 1) defendant's failure to exhaust administrative remedies; 2) defendant's failure to demonstrate extraordinary and compelling circumstances; and 3) the 18 U.S.C. § 3553 factors weighing against a sentence reduction.  Docket No. 582 at 2-7.

II.     **LEGAL STANDARD**

---

than 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii)(II) and 18 U.S.C. § 2.  *Id*. at 6.
   [2] When Mr. Benitez-Lopez filed his motion for compassionate release on January 23, 2023, he was incarcerated at the Bureau of Prisons ("BOP") Federal Correctional Institution in Florence, Colorado.  Docket No. 571 at 24.  However, the BOP Inmate Locator shows that he is currently incarcerated at USP Thomson in the Northern District of Illinois.  *See* Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.

Generally, a court may not modify a term of imprisonment once it has been imposed. *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c)(1)(A). However, 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, provides jurisdiction for the Court to alter a sentence. Under that provision, "a district court may grant a sentence reduction if, after considering the 18 U.S.C. § 3553(a) sentencing factors, it finds that 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (unpublished) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A)'s exhaustion requirement is a mandatory "claim-processing rule," not a jurisdictional rule. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021) (holding that the government waived exhaustion argument by failing to raise it on appeal). "[T]he exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it." *United States v. Gieswein*, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished); *see also United States v. Johnson*, 849 F. App'x 750, 753 (10th Cir. 2021) (unpublished) ("In this circuit, however, § 3582(c)(1)(A)'s exhaustion requirement is mandatory, rather than judicially waivable."). The defendant has the burden to prove that he exhausted his administrative remedies under § 3582(c)(1)(A). *United States v.*

3

*Segura*, 2023 WL 3934663, at *1 (D.N.M. June 9, 2023) (citing *Hemmelgarn*, 15 F.4th at 1029).

### III. ANALYSIS

The Court first addresses exhaustion because the government has raised the issue. See Docket No. 582 at 2-7; *see also Hemmelgarn*, 15 F.4th at 1030-31; *Gieswein*, 2021 WL 4852420, at *2 n.2. Mr. Benitez-Lopez states that he "filed a request for compassionate release to the Warden at FCI Florence, but he has not received a response yet. Because 30 days have lapsed from the receipt of the request and the BOP failed to file a motion on Benitez-Lopez's behalf, exhaustion of administrative remedies is not an issue in this case." Docket No. 571 at 14. The government argues that Mr. Benitez-Lopez has failed to exhaust his administrative remedies because he provides no documentation or proof that he filed a request for compassionate release to the Warden in Florence and the motion fails to state when he filed the request. Docket No. 582 at 2-3. The government states that BOP has no record of Mr. Benitez-Lopez making a compassionate release request in Florence. *Id*. at 3. Mr. Benitez-Lopez did not file a reply to the government's arguments.

The Court finds that Mr. Benitez-Lopez has failed to demonstrate that he exhausted his administrative remedies. Mr. Benitez-Lopez does not provide a copy of the compassionate release request he claims he submitted to the BOP or the date of such request. The government represents that the BOP has no record of any request. Docket No. 582 at 3. The statements in defendant's motion regarding exhaustion are conclusory. For these reasons, the Court finds that Mr. Benitez-Lopez has not exhausted his administrative remedies. *See United States v. Ramirez*, No. 14-cr-00249-PAB, 2022 WL 1092180, at *3 (D. Colo. Apr. 12, 2022) (holding that defendant

4

failed to exhaust administrative remedies because the government represented that the prison had no record of defendant's compassionate release request and defendant provided no proof of his request or the denial); *United States v. Porter*, 2023 WL 3721387, at *1 (D. Kan. May 30, 2023) (same); *United States v. Verdin-Garcia*, 2023 WL 3019685, at *2 (D. Kan. Apr. 20, 2023) (same).  Therefore, the Court will deny Mr. Benitez-Lopez's motion without prejudice.  *See Ramirez*, 2022 WL 1092180, at *3 (noting that dismissal without prejudice is proper when a defendant fails to comply with § 3582(c)(1)(A)'s exhaustion requirement)*; United States v. Purify,* 2021 WL 5758294, at *4 n.3 (10th Cir. Dec. 3, 2021) (unpublished) ("dismissals for failure to exhaust are ordinarily without prejudice.").

## IV.     CONCLUSION

It is therefore

**ORDERED** that Mr. Benitez-Lopez's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) and the First Step Act of 2018 [Docket No. 571] is **DENIED without prejudice**.

DATED July 28, 2023.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

5