IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00328-PAB-6

UNITED STATES OF AMERICA,

    Plaintiff,

v.

6. MICHAEL BENITEZ-LOPEZ,

    Defendant.

___

**ORDER**
___

This matter is before the Court on the Motion for Reduction of Sentence [Docket No. 596] filed by defendant Michael Benitez-Lopez.[1] On August 9, 2019, Mr. Benitez-Lopez was convicted after a jury trial of conspiring to violate federal drug laws in violation of 21 U.S.C. § 846 (Count 1), using a communication facility for the commission of a felony drug offense in violation of 21 U.S.C. § 843(b) (Count 8), and possession of a controlled substance with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1) (Count 10). Docket No. 300. On November 1, 2019, the Court sentenced Mr. Benitez-Lopez to 180 months imprisonment for Count 1, 48 months imprisonment for Count 8, and 180 months for Count 10, to run concurrently. Docket No. 484 at 31:10-14, 18-19, 22-23; *see also* Docket No. 422 at 2. At sentencing, the Court found the total offense level to be 36 and determined Mr. Benitez-Lopez's

___

[1] Because Mr. Benitez-Lopez is proceeding pro se, the Court construes his filing liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Criminal History Category to be IV, which resulted in an imprisonment guideline range of 262 to 327 months.  Docket No. 484 at 20:1-4; *see also* Docket No. 423 at 1.  Mr. Benitez-Lopez is currently incarcerated at FCI Big Spring, a low security federal correctional institute in Texas.  *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Mr. Benitez-Lopez's projected release date is September 9, 2030.  *Id.*

On March 18, 2024, Mr. Benitez-Lopez filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.  Docket No. 596.  On August 21, 2024, the government filed a response, arguing that Mr. Benitez-Lopez is not eligible for a sentence reduction under Amendment 821 because he was not a "zero-point offender" at the time of sentencing and that his sentencing guideline range is unaffected by Amendment 821.  Docket No. 600 at 1.

Generally, a federal court may not alter a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  An exception to this general rule is set forth in 18 U.S.C. § 3582(c)(2).  A court may reduce a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and

determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.* Amendment 821 applies retroactively. *Id.*; *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Benitez-Lopez argues that Part A of Amendment 821 altered his sentencing guideline range by reducing his status points. Docket No. 596 at 3-5. Mr. Benitez-

3

Lopez maintains that, pursuant to Amendment 821, he would be in Criminal History Category IV, with the relevant guideline range being 135 to 188 months imprisonment. *Id*. at 4.  The Court disagrees.  Mr. Benitez-Lopez had a criminal history score of seven. Docket No. 407 at 19, ¶ 71.  Because Mr. Benetez-Lopez has seven criminal history points, he does not qualify as a "zero-point offender" who would be eligible for a decrease of two offense levels.  *See United States v. Espinoza*, No. 21-cr-00250-WJM, 2024 WL 4108576, at *1 (D. Colo. Sept. 6, 2024) ("Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for 'Zero-Point Offenders.'").  However, Mr. Benitez-Lopez further received a two-level enhancement for committing the offenses while under a criminal justice sentence, which is affected by Amendment 821.  Docket No. 407 at 19, ¶ 72; Docket No. 484 at 19:1-20:6.  Mr. Benitez-Lopez's total criminal history points have changed from nine to eight through the retroactive application of Amendment 821 because it modifies the two-level enhancement to a one-level enhancement.  Criminal History Category IV includes between seven and nine criminal history points.  *See* Sentencing Table, U.S.S.G. ch. 5, pt. A (2018).  As such, Mr. Benitez-Lopez remains in Criminal History Category IV, and, with an offense level of 36, his guideline range is 262 to 327 months imprisonment.  *Id.* This is the same advisory guideline range that the Court found at his sentencing hearing.  Docket No. 484 at 20:1-6; Docket No. 423 at 1.  Accordingly, the Court finds that Amendment 821 does not affect Mr. Benitez-Lopez's sentence and he is not eligible for a reduction in his sentence.[2]

---

[2] Because the Court finds that Mr. Benitez-Lopez is not eligible for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), it will not consider Mr. Benitez-Lopez's

4

For the foregoing reasons, it is

**ORDERED** that the Motion for Reduction of Sentence [Docket No. 596] is **DENIED**.[3]

DATED April 15, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge

---

arguments regarding the calculation of a downward departure.  *See* Docket No. 596 at 6-9.

[3] Mr. Benitez-Lopez requests that counsel be appointed to "assist with his Motion Reduction of Sentencing."  Docket No. 596 at 2.  Because the Court will deny Mr. Benitez-Lopez's motion for a reduction of his sentence, it will deny his request that counsel be appointed.